Billy P. **WHYDE,** Plaintiff–Appellant,

v.

**ROCKWELL INTERNATIONAL CORPORATION,**
Defendant,

**United States Air Force,**
**Defendant–Appellee.**

No. 03–3015.

United States Court of Appeals,
Sixth Circuit.

June 17, 2004.

Billy P. Whyde, Hopewell, OH, pro se.

Mark T. D'Alessandro, Columbus, OH, for Defendant–Appellee.

Before GILMAN and ROGERS, Circuit Judges; and FORESTER, District Judge.*

### ORDER

Billy P. Whyde appeals a district court grant of summary judgment for the United States Air Force in this civil action filed under the Privacy Act, 5 U.S.C. § 552a. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Whyde filed his complaint in the district court by counsel on October 8, 1997, alleging that the named defendant Rockwell International Corporation (Rockwell), and its parent corporation, defendant Boeing Company (Boeing), failed to offer him employment following privatization of the Newark Air Force Base despite a contractual obligation to offer Whyde the right of first refusal of employment due to his twenty-three years as a civilian Air Force employee. In addition, Whyde asserted a state-law employment discrimination claim and a claim that the Air Force failed to fulfill his request for information submitted under the Freedom of Information Act. The government filed an answer to the complaint and, after taking Whyde's deposition, a motion for summary judgment. Whyde filed a memorandum in opposition, and the government filed a reply. Subsequently, defendants Rockwell and Boeing moved for a partial summary judgment, and Whyde stipulated to dismissal of his employment discrimination claim.

Thereafter, Whyde moved the district court for leave to file an amended complaint to include his claim that the Air Force violated his rights under the Privacy Act. After defendants responded in opposition, the magistrate judge denied Whyde's motion for leave to file an amended complaint, and Whyde moved for reconsideration of the magistrate judge's order. The district court then granted summary judgment for the Air Force with respect to Whyde's Freedom of Information Act claim and transferred to the Federal Claims Court Whyde's breach of contract claim against the Air Force. Subsequently, the district court denied summary judgment for defendants Rockwell and Boeing with respect to Whyde's breach of contract claim, granted Whyde's motion for reconsideration of the magistrate judge's order, and granted Whyde leave to file his amended complaint to assert his Privacy Act claim. After the Air Force moved to dismiss Whyde's Privacy Act claim as barred by the statute of limitations, Whyde stipulated to dismissal of all of his claims with respect to Rockwell and Boeing. Next, the district court denied the government's motion to dismiss Whyde's Privacy Act claim.

Following additional discovery, the government moved the district court for summary judgment with respect to Whyde's Privacy Act claim, and Whyde responded in opposition. After the government filed a reply, the district court granted sum-

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

mary judgment for the defendant Air Force. Whyde filed a timely notice of appeal.

On appeal, Whyde is proceeding pro se. He contends that sufficient evidence exists in support of his Privacy Act claim to warrant a jury trial, and requests investigations into alleged perjured testimony given by witnesses and into the conduct of the Air Force's counsel in this case. The government responds that Whyde failed to show a genuine issue of material fact remaining for trial with respect to his Privacy Act claim. Upon de novo review, *see Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991), we affirm the judgment essentially for the reasons stated by the district court in its opinion and order filed December 4, 2002.

Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes that might affect the outcome of a lawsuit under substantive law are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. *Id.* The burden is upon the moving party to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. *Anderson*, 477 U.S. at 249–50. The nonmoving party is required to show more than a metaphysical doubt as to the

existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Here, summary judgment for defendant was proper.

A brief review of the facts is helpful. As noted, plaintiff alleged that he was not offered employment following privatization of the Newark Air Force Base. Contemporaneously with Rockwell's takeover of operations at Newark Air Force Base, the Air Force either destroyed (pursuant to standard procedure) or lost one of Whyde's personnel files, known as a "971 file." Before Whyde filed his complaint in this case, counsel for Rockwell wrote to Whyde's counsel that Rockwell did not have access to Whyde's government personnel files, but that Rockwell based its decision not to hire Whyde on numerous negative reports about Whyde it received from other prospective employees. Through discovery, however, Whyde subsequently received from Rockwell documents which Whyde believes were contained in his "971 file" protected under the Privacy Act.

The Privacy Act regulates the government's dissemination of records pertaining to individuals. *See Cardamone v. Cohen*, 241 F.3d 520, 524 (6th Cir.2001). An individual may sue a federal agency for violation of the Privacy Act where plaintiff can establish willful or intentional violation of any provision of the Act and actual damage from the violation. *Id.* at 525. To establish a prima facie Privacy Act case for a violation of the Act's prohibition of dissemination of an individual's records, plaintiff must show that: (1) information in the form of a "record" contained in a "system of records"; (2) was disclosed by a federal agency; (3) willfully or intentionally; and (4) the disclosure had an adverse impact on the plaintiff. *Quinn v. Stone*, 978 F.2d 126, 131 (3d Cir.1992). Here, the

only evidence that supports plaintiff's claim is the fact that Rockwell was able to produce documents in response to plaintiff's discovery request that might have come from plaintiff's Air Force "971 file."

It should be noted that the district court twice noted in its opinion and order that plaintiff acknowledged in his deposition testimony that he might have provided the documents in question to Rockwell. On appeal, Whyde contends that his testimony was mischaracterized. In pertinent part, the deposition reads:

Q. Anything else you think I should know in connection with this suit that I haven't asked you about but that you think I should know?

A. Yeah.

Q. Okay.

A. I think you deserve, as a Federal employee, to find out who gave the documents to Rockwell because that was a violation of Federal regulation, a violation of The Privacy Act Law. They knew it, they did it, and I think those people should be held accountable.

Q. Even if it's you?

A. Even if it was me.

It appears that plaintiff's contention that his answer was mischaracterized as an admission that he might have given the documents at issue to Rockwell has at least arguable merit. Nevertheless, summary judgment for defendant was proper in any event.

Even if it is assumed that plaintiff did not admit that he might have provided the documents to Rockwell, plaintiff adduced no evidence that the documents at issue were maintained by the Air Force in his "971 file." Rather, plaintiff asserts only his own unsubstantiated belief that the records were contained therein. Nor was any evidence adduced with respect to how the documents were allegedly disclosed by the Air Force to Rockwell; all of the witnesses deposed denied disclosing the documents. No evidence exists that any disclosure was willful or intentional. Only the fact that Rockwell somehow came into possession of documents that might have been included in plaintiff's personnel file lends any support for plaintiff's Privacy Act claim. However, this fact gives rise only to a metaphysical doubt as to the existence of a genuine issue of material fact remaining for trial with respect to plaintiff's claim. Under these circumstances, the district court properly granted summary judgment for the Air Force.

Finally, it is noted that no basis appears of record for Whyde's requests on appeal for investigations into alleged perjured testimony or the conduct of the Air Force's counsel in this case.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.